1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    KEVIN A. BARNER,                          No. C 12-00313 YGR (PR)

12              Plaintiff,                       **ORDER OF DISMISSAL**

13        vs.

14    PAROLE AGENT ORIE BROWN, et al.,

15              Defendants.

16    _____/

17            Plaintiff, who is a California parolee currently incarcerated at the Santa Rita County Jail, has

18    filed a *pro se* complaint under 42 U.S.C. § 1983 against his parole officer and others, seeking relief

19    for various alleged violations of his constitutional rights.  He also seeks leave to proceed *in forma*

20    *pauperis* under 28 U.S.C. § 1915.  Plaintiff has not exhausted California's prison administrative

21    process, however.

22            The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide

23    that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

24    other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

25    administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Although once

26    within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now

27    mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  All available remedies must now be

28    exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and

**United States District Court**
For the Northern District of California

1    effective.'" *Id.* (citation omitted).  Even when the prisoner seeks relief not available in grievance

2    proceedings, notably money damages, exhaustion is a prerequisite to suit.  *Id.*; *Booth v. Churner*,

3    532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all prisoner suits about prison

4    life, whether they involve general circumstances or particular episodes, and whether they allege

5    excessive force or some other wrong.  *Porter*, 534 U.S. at 532.  PLRA's exhaustion requirement

6    requires "proper exhaustion" of available administrative remedies.  *Woodford v. Ngo*, 548 U.S. 81,

7    94 (2006).

8    The State of California provides its prisoners the right to appeal administratively "any

9    departmental decision, action, condition or policy perceived by those individuals as adversely

10   affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides them the right to file

11   appeals alleging misconduct by correctional officers/officials.  *Id.* § 3084.1(e).  In order to exhaust

12   available administrative remedies within this system, a prisoner must proceed through several levels

13   of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form;

14   (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director

15   of the California Department of Corrections and Rehabilitation.  *Barry v. Ratelle*, 985 F. Supp. 1235,

16   1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's

17   level of review satisfies the exhaustion requirement under § 1997e(a).  *Id.* at 1237-38.

18   Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates

19   with a right to "appeal and have resolved grievances" relating to their confinement.  *See* Cal. Code

20   Regs. tit. 15, § 1073.

21   Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by

22   defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).

23   *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  However, a complaint may be dismissed by

24   the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to

25   exhaustion applies."  *Id.* at 1120.  Here, Plaintiff concedes he has not exhausted his administrative

26   remedies.  (Compl. at 2.)  He states: "There is nothing to grieve in this facility.  Lack of

27   communication is the key[.]  I don't feel safe with my current parole officer."  (*Id.*)  Plaintiff has not

28

presented any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement.  *Cf. Booth*, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, Plaintiff's request to proceed *in forma pauperis* is DENIED, and the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

If Plaintiff wishes to challenge an alleged wrongful parole revocation, Plaintiff must file a petition for writ of habeas corpus using the attached habeas corpus form, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), but not until after he exhausts state judicial remedies, *Granberry v. Greer*, 481 U.S. 129, 134 (1987).

The Clerk of the Court shall enter judgment, terminate any pending motions, and close the file.  The Clerk shall also send Plaintiff a blank § 2254 habeas petition form.

IT IS SO ORDERED.

DATED: <u>February 29, 2012</u>

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
For the Northern District of California

G:\PRO-SE\YGR\CR.12\Barner0313.DISM(unexh).wpd

3